DLD-077                                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2547
_____

GARY A. ZIERKE,
                                                            Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 3-15-cv-00911)
District Judge:  Honorable William J. Nealon

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
December 10, 2015

Before:  CHAGARES, GREENAWAY, JR. and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 31, 2015)
_____

OPINION[*]
_____

PER CURIAM

    Gary Zierke, a federal prisoner proceeding pro se, appeals from an order of the

United States District Court for the Middle District of Pennsylvania dismissing his

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. We will affirm.

In 2009, Zierke was convicted by a jury in the United States District Court for the District of Nebraska of conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, and distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1). He was sentenced to 360 months in prison. His conviction and sentence were affirmed on appeal. United States v. Zierke, 618 F.3d 755, 758 (8th Cir. 2010).

Since then, Zierke has filed numerous unsuccessful collateral challenges in the sentencing court and the Eighth Circuit, including at least four motions under 28 U.S.C. § 2244 and two under § 2255. In 2012, he filed a habeas petition pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania challenging his conviction and sentence. The District Court dismissed the petition without prejudice, noting that a second or successive § 2255 motion in the sentencing court would be the appropriate vehicle for Zierke's claims and that he should seek leave from the appropriate court for such a filing. See Mem., Zierke v. Ebert, No. 3:12-cv-01394 (M.D. Pa. Dec. 13, 2012), ECF No. 11. In 2015, Zierke filed another habeas petition pursuant to § 2241 in the District Court, raising claims that challenged his 2009 conviction in Nebraska. The District Court dismissed the petition for lack of jurisdiction, concluding that Zierke's claims could be raised only, if at all, in a § 2255 motion. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions. See Cradle v. United States ex rel.

2

Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We agree with the District Court that Zierke's § 2241 petition was not viable. He challenged the validity of his conviction, and "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although a petitioner may challenge a conviction pursuant to § 2241 if a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. This exception applies only in rare circumstances.

In In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997), we recognized that the exception could apply where an intervening change in the law decriminalized the conduct for which the petitioner had been convicted, but Zierke cannot avail himself of this exception. The conduct underlying his conviction is still a crime, and he does not argue otherwise. Nor does he cite anything else that might be considered an extraordinary circumstance justifying the use of § 2241. See Cradle, 290 F.3d at 539. Instead, in his notice of appeal, he appears to argue that he should be permitted to proceed under § 2241 simply because he cannot satisfy the standards for presenting his claims in a successive § 2255 motion. As we have made clear, however, a petitioner may not use § 2241 to evade the stringent gatekeeping requirements of § 2255. See Cradle, 290 F.3d at 539.

3

Accordingly, we will summarily affirm the District Court's order.  <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.